UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAIN VERNON JONES

       Plaintiff,                              Hon. Gordon J. Quist

v.                                                    Case No. 1:10 CV 568

KENNETH SMITH, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Default Judgment</u>, (dkt. #20), and <u>Plaintiff's Motion for Hearing and Default Judgment</u>, (dkt. #46). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions both be **denied**.

**I.**        **Motion for Default Judgment** (Dkt. #20)

Plaintiff initiated this action on June 15, 2010, against Laura Nevins, Kenneth Smith, Peter Gohoski, and Edward Failing. Defendant Nevins has since been dismissed from the case and service has not yet been effected on Defendant Failing. Summonses for Defendants Smith and Gohoski were issued on July 14, 2010. Service was effected on Defendants Smith and Gohoski on July 28, 2010, thus requiring Defendants to answer or otherwise respond to Plaintiff's complaint no later than August 18, 2010. (Dkt. #10). On August 5, 2010, counsel for Defendants Smith and Gohoski filed her appearance with the Court and moved for an extension of time within which to respond to Plaintiff's complaint. (Dkt. #7). Defendants' motion was granted and they were granted until October 18, 2010,

to respond to Plaintiff's complaint. (Dkt. #12). Defendants timely responded to Plaintiff's complaint by filing a motion for summary judgment on October 18, 2010. (Dkt. #25).

### II.     Motion for Hearing and Default Judgment (Dkt. #46)

In this motion, Plaintiff asserts that he is entitled to judgment because Defendants obtained and submitted to this Court copies of his medical records without first obtaining his consent.

In support of their October 18, 2010 motion for summary judgment, Defendants filed under seal excerpts of Plaintiff's medical records. (Dkt. #27, Exhibit H; Dkt. #29-32). In both his complaint and amended complaint, Plaintiff alleges (in part) that Defendants failed to provide him with necessary and appropriate medical treatment, thereby putting at issue his medical condition and the treatment he received for such. Having made such allegations, Plaintiff cannot pursue his claims of inadequate medical treatment while simultaneously preventing Defendants from obtaining access to his medical records. By initiating legal claims which place his medical condition and the treatment for such at issue, Plaintiff has waived any privacy interest he may have possessed in his medical records. *See Brim v. Galloway*, 2011 WL 1103126 at *4 (W.D. Mich., Mar. 23, 2011). While Plaintiff may not have affirmatively given consent to Defendants to access his medical records, such is irrelevant because "the Court could have issued an order for such records even over Plaintiff's objection." *Id.* The Court also notes that Defendants submitted the medical records in question under seal, preventing their disclosure to the general public. The Court discerns no misconduct by Defendants that merits judgment in Plaintiff's favor or any other relief.

Plaintiff also "demands" that the Court conduct a hearing on the various motions he has filed. A hearing is unnecessary to resolve the matters in question. Moreover, Plaintiff's request is moot, as his various motions have all since been resolved.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Default Judgment</u>, (dkt. #20), and <u>Plaintiff's Motion for Hearing and Default Judgment</u>, (dkt. #46), both be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 1, 2011                              /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge