UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAIN VERNON JONES

        Plaintiff,                        Hon. Gordon J. Quist

v.                                       Case No. 1:10 CV 568

KENNETH SMITH, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Plaintiff's Motion for Direct Ruling by the Court</u>, (dkt. #83) <u>Plaintiff's Request for Entry of Default Judgment</u>, (dkt. #89), <u>Defendant Failing's Motion to Dismiss for Insufficient Service of Process</u>, (dkt. #92), and <u>Plaintiff's Motion to Quash Defendant Failing's Motion to Dismiss</u>, (dkt. #96).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions all be **denied** and Defendant Failing's motion to dismiss be **granted in part and denied in part**.

Plaintiff initiated this action on June 15, 2010, against Laura Nevins, Kenneth Smith, Peter Gohoski, and Edward Failing.  In his <u>Motion for Direct Ruling</u>, (dkt. #83), and <u>Request for Entry of Default Judgment</u>, (dkt. #89), Plaintiff seeks the same relief - entry of default judgment against all Defendants.  In his <u>Motion to Dismiss</u>, (dkt. #92), Defendant Failing moves to dismiss Plaintiff's action for failure to properly effect service.  In his <u>Motion to Quash</u>, (dkt. #96), Plaintiff seeks to quash Defendant Failing's motion to dismiss.  Given the interrelated nature of these various motions, the Court will address the issues raised by such as to each defendant (or group of defendants) separately as opposed to separately analyzing each particular motion.

A.   Defendant Nevins

There appears to be confusion as to Defendant Nevins' status in this case. Plaintiff has acted as if Nevins is a party to this action and defendants have asked the Court to clarify Nevins' status.

Pursuant to Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties." Only those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations. *See, e.g., Dominguez v. Connecticut*, 2011 WL 5023848 at *1 (D.Conn., Oct. 14, 2011); *Bagwell v. Oakland County Sheriff's Office*, 2011 WL 3625065 at *3 (E.D. Mich., Aug. 17, 2011).

On January 21, 2011, Plaintiff's motion to amend his complaint was granted and his First Amended Complaint was accepted for filing. (Dkt. #49-50). While Nevins was named as a defendant in the caption of Plaintiff's initial complaint, she was not identified in the caption of Plaintiff's First Amended Complaint. Accordingly, Plaintiff is not entitled to default judgment against Defendant Nevins, as she was not a party to Plaintiff's First Amended Complaint. The Court notes that Plaintiff has since submitted his Second Amended Complaint which corrects this oversight. (Dkt. #103, 105).[1]

B.   Defendants Smith and Gohoski

Summonses for Defendants Smith and Gohoski were issued on July 14, 2010. Service was effected on Defendants Smith and Gohoski on July 28, 2010, thus requiring Defendants to answer or otherwise respond to Plaintiff's complaint no later than August 18, 2010. (Dkt. #10). On August 5, 2010, counsel for Defendants Smith and Gohoski filed her appearance with the Court and moved for an

---

[1] The Court notes that after filing his First Amended Complaint, but before filing his Second Amended Complaint, Plaintiff submitted yet another proposed amended complaint. (Dkt. #71). Plaintiff did not obtain consent from Defendants or leave of court to file this complaint. Thus, this particular pleading was never given effect.

extension of time within which to respond to Plaintiff's complaint. (Dkt. #7). Defendants' motion was granted and they were granted until October 18, 2010, to respond to Plaintiff's complaint. (Dkt. #12). Defendants Smith and Gohoski timely responded to Plaintiff's complaint by filing a motion for summary judgment on October 18, 2010. (Dkt. #25). Accordingly, the undersigned recommends that Plaintiff's motion for default judgment as to Defendants Smith and Gohoski be denied.

      C.      Defendant Failing

With respect to Defendant Failing, the Court must address two distinct yet related issues. Plaintiff seeks default judgment against Failing, whereas Failing moves the Court to dismiss Plaintiff's complaint on the grounds of insufficient service of process. Plaintiff also moves to quash Defendant Failing's motion to dismiss.

On or about July 26, 2010, the United States Marshal attempted to effect service on Defendant Failing via the United States Mail. (Dkt. #11). The summons was returned unexecuted on or about August 11, 2010. *Id.* On January 21, 2011, Plaintiff's Amended Complaint was accepted for filing. (Dkt. #50). On September 13, 2011, the Court entered an Order directing the Michigan Department of Corrections to provide the United States Marshal with Defendant Failing's last-known address so that service could be attempted. (Dkt. #87). On September 29, 2011, Defendant Failing executed a Waiver of Service of Summons. (Dkt. #88).

Defendant Failing asserts, however, that the execution of this waiver was insufficient because it was accompanied by Plaintiff's original complaint rather than his amended complaint. The evidence submitted by Defendant supports his contention that the Waiver he executed on September 29, 2011, was accompanied by Plaintiff's original complaint rather than his amended complaint. Plaintiff

does not dispute that Defendant Failing was served with the wrong complaint, but instead argues that it is irrelevant because his amended complaint "contains the exact-same allegations, claims and causes of action, as does the original complaint." As Defendant correctly asserts, however, as soon as Plaintiff's Amended Complaint was accepted for filing, his original complaint became a "nullity" having been superceded by his amended complaint. *See B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008).

On the subject of proper service of process, the Federal Rules of Civil Procedure provide, in relevant part, as follows:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
>
> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)  doing any of the following:
>
>     (A)  delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In the alternative, a party can "request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Any such request must, however, be "accompanied by a copy of the complaint."

Fed. R. Civ. P. 4(d)(1)(C). There is no indication that Plaintiff effected service in a manner that complies with Rule 4(e). Moreover, Plaintiff's attempt to effect service pursuant to rule 4(d) was ineffectual because the Waiver of Service was not accompanied by Plaintiff's Amended Complaint. Thus, as Defendant Failing correctly asserts, Plaintiff's attempt to effect service of his First Amended Complaint was defective.

In such a circumstance, the Court has broad discretion in determining whether to dismiss the action or simply quash the defective service. *See Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1983); *see also*, Wright & Miller Federal Practice and Procedure: Civil 3d § 1354 ("[t]he federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant"). Ordinarily, a plaintiff is responsible for ensuring that service of process is completed properly, but where a plaintiff proceeds *in forma pauperis* he is dependent upon the government for effecting service. Generally, where the deficiency of service is attributable to a United States deputy marshal and not to an incarcerated plaintiff, the court should not dismiss the complaint for failure to properly effect service. *See, e.g., Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996); *Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986); *Caterbone v. Lancaster County Prison*, 293 Fed. Appx. 867, 871 (3rd Cir., Sept. 30, 2008).

Accordingly, the undersigned recommends that Plaintiff's motion to quash be denied, as Plaintiff has articulated no legitimate basis for securing such relief. The undersigned also recommends that Plaintiff's motion for default judgment against Defendant Failing be denied, as Defendant cannot possibly be in default given that he was not properly served with Plaintiff's First Amended Complaint.

As for Defendant Failing's motion to dismiss, the undersigned recommends that such be granted in part and denied in part. Specifically, the undersigned recommends that Defendant's motion be granted to the extent that the deficient service of process be quashed, but that Defendant's request to dismiss Plaintiff's claims against him be denied. Normally in such a circumstance, the Court would recommend that Plaintiff be given an additional amount of time to properly effect service of process. As previously noted, however, Plaintiff has since submitted his Second Amended Complaint which is now the operative complaint in this matter. Such action is, therefore, unnecessary.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Direct Ruling by the Court, (dkt. #83), be **denied**; Plaintiff's Request for Entry of Default Judgment, (dkt. #89), be **denied**; Plaintiff's Motion to Quash Defendant Failing's Motion to Dismiss, (dkt. #96), be **denied**; and Defendant Failing's Motion to Dismiss for Insufficient Service of Process, (dkt. #92), be **granted in part and denied in part** as detailed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date:  February 1, 2012                    /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge