UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TREMAIN VERNON JONES,

       Plaintiff,                                          Hon. Gordon J. Quist

v.                                                           Case No. 1:10-CV-568

KENNETH SMITH, et al.,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Plaintiff's Motion for a Temporary Restraining Order</u>. (Dkt. #148). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## **BACKGROUND**

Plaintiff initiated this action on June 15, 2010, four prison officials alleging violations of his constitutional rights. Plaintiff subsequently amended his complaint on three occasions, the last such amendment occurring on January 3, 2012. Plaintiff now moves for entry of an order providing the following relief: (1) proper medical care; (2) relocation to the Ryan Road Correctional Facility during the pendency of this action; (3) unlimited law library access; (4) free and unlimited photocopies; (5) termination of all "distractions" by prison officials; (6) unlimited paper, postage, ribbon re-inking, binding, Notary, and certified mailing; (7) freedom from retaliation; and (8) dental treatment to restore "the full cosmetic appearance and function of his teeth."

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to establish that he is likely to prevail in this matter or that he is likely to experience any irreparable harm in the absence of relief. Plaintiff has failed to demonstrate that he is not receiving appropriate medical and dental care or that he is (or has been) subject to unlawful retaliation or other interference. Plaintiff has failed to demonstrate that transfer to another correctional facility is necessary or appropriate. Plaintiff has likewise failed to demonstrate that he is entitled to

pursue this action (or any other legal matter) at the State's expense. Furthermore, the Court concludes that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of any evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for a Temporary Restraining Order, (dkt. #148), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 31, 2013  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge