UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAIN JONES #412981,

        Plaintiff,                              Hon. Ellen S. Carmody

v.                                                Case No. 1:10-CV-568

KENNETH SMITH, et al.,

        Defendants.

_____/

**OPINION**

        This is a prisoner civil rights action.  Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted").  For the reasons articulated herein, the Court finds that many of Plaintiff's claims must be dismissed for failure to state a claim on which relief may be granted.

**BACKGROUND**

        Plaintiff initiated this action against four MDOC employees: (1) Kenneth Smith; (2) Peter Gehoski; (3) Laura Nevins; and (4) Edward Failing.  Plaintiff makes the following allegations in his Final Amended Complaint.  (Dkt. #105).

        Plaintiff suffers from epilepsy which "subjects him to severe, acute epileptic seizures." On June 12, 2009, Plaintiff "suffered an acute epileptic seizure episode" after which he requested that

Defendant Failing "send him" to the Health Care Unit Building for medical treatment. Failing responded to Plaintiff's request by stating, "[y]ou write grievances against staff, and now you want me to do you a favor by letting you go to medical, I don't think so."

On July 23, 2009, Plaintiff "suffered an additional acute epileptic seizure episode." Plaintiff's bunk-mate, Thomas Washington, informed Defendant Smith that Plaintiff was suffering a seizure. Smith observed Plaintiff "laying on the floor," but simply walked away and "never returned." Defendant Gehoski, who was also on duty at the time, "failed to make his required rounds to check on Plaintiff." Defendants Smith and Gehoski "failed to contact health care for Plaintiff to receive emergency medical treatment" and instead "simply left the. . .Unit" when their shift ended.

On July 29, 2009, Plaintiff "complained to" Defendant Nevins that Defendant Smith had recently conducted an "unlawful shakedown" of his cell during which his "legal, medical, and personal papers" were destroyed. Nevins responded by stating to Plaintiff that he was being retaliated against by other staff members because he had submitted grievances against staff.

In his Final Amended Complaint, Plaintiff has asserted the following causes of action: (1) Defendants Smith, Failing, and Gehoski, "by failing to act in an emergency situation to assist Plaintiff with needed emergency medical treatment" violated Plaintiff's Fourteenth Amendment right to due process; (2) Defendants Smith, Failing, and Gehoski, by "engaging in unlawful conduct to prevent Plaintiff from receiving needed emergency medical treatment," violated Plaintiff's Eighth Amendment right to receive emergency medical treatment; (3) Defendants Smith, Failing, and Gehoski refused to provide Plaintiff with necessary emergency medical treatment as retaliation for having submitted grievances against staff; (4) Defendant Nevins "engaged in conduct to cover-up" the actions of her subordinates, Defendants Smith, Failing, and Gehoski thereby violating Plaintiff's Eighth and

Fourteenth Amendment rights; (5) Defendants Smith, Failing, Gehoski, and Nevins unlawfully retaliated against Plaintiff by refusing to secure emergency medical attention for Plaintiff; and (6) Defendants Smith, Failing, Gehoski, and Nevins "engaged in retaliatory conduct" to silence Plaintiff for exercising his right to submit grievances.

Plaintiff has sued Defendants in their personal capacity only, seeking declaratory, injunctive, and monetary relief. Defendants Gehoski, Nevins, and Smith moved for summary judgment on October 18, 2010, but this particular motion was denied without prejudice by the Honorable Gordon J. Quist after the Court granted a motion by Plaintiff to amend his complaint. (Dkt. #49). Defendants neither renewed their motion for summary judgment nor moved to dismiss Plaintiff's claims for failure to state a claim on which relief may be granted.

## **ANALYSIS**

As previously noted, because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted.

A claim must be dismissed for failure to state a claim unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

**I.       Count I**

Plaintiff alleges that Defendants Smith, Failing, and Gehoski violated his Fourteenth Amendment right to due process "by failing to act in an emergency situation to assist Plaintiff with needed emergency medical treatment." As discussed below, because Plaintiff's right to receive medical treatment is adequately protected by the Eighth Amendment, his claim that Defendants' conduct violated his Fourteenth Amendment rights must be dismissed.

In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court addressed the interaction between substantive due process and those rights specifically protected by the Bill of Rights, as well as the proper constitutional foundation upon which to base a § 1983 action.

In that case, Albright was charged with selling a substance that looked like an illegal drug. Following a preliminary hearing, Albright was bound over for trial; however, the court later dismissed the charges because the offense with which Albright was charged did not state an offense under Illinois law. Albright subsequently initiated a § 1983 action in which he charged Oliver, a detective involved in the case, with depriving him of his Fourteenth Amendment substantive due process rights by subjecting him to criminal prosecution without probable cause. *Id.* at 268-70.

The Court observed that substantive due process protection had "for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Id.* at 272 (citing *Planned Parenthood of Southeast Pa. v. Casey*, 505 U.S. 833, 847-849 (1992)). The Court noted the dissimilarity between Albright's claim and the substantive due process rights recognized previously, and further noted its reluctance to expand the concept of substantive due process. *Id.* at 271-72.

The Court then discussed the fact that a number of the protections contained in the Bill of Rights have been made applicable to the states via the Fourteenth Amendment. The Court observed that this process has resulted in the substitution of the specific guarantees of these portions of the Bill of Rights for the more generalized language of the Fourteenth Amendment. *Id.* at 272-73. The Court, therefore, concluded that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Applying this standard, the Court concluded that Albright's allegations directly implicated the Fourth Amendment, pursuant to which he must bring his claim, because substantive due process could afford him "no relief." *Id.* at 274-75; *see*

*also*, *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 547 (6th Cir. 2012) (claim cannot be asserted under "the more generalized notion of substantive due process" if a specific constitutional amendment "provides an explicit source of constitutional protection").

Here, Plaintiff alleges that his due process rights were violated because Defendants violated his right to receive appropriate medical treatment. This right is obviously protected, adequately so, by the Eighth Amendment. Therefore, as in *Albright*, substantive due process can provide Plaintiff no relief. Accordingly, Count I of Plaintiff's Final Amended Complaint must be dismissed.

## II.       Count II

Plaintiff alleges that Defendants Smith, Failing, and Gehoski failed to secure for him necessary medical treatment in violation of his Eighth Amendment rights. The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

In his Final Amended Complaint, Plaintiff alleges the following. On June 12, 2009, Plaintiff suffered a seizure after which he requested that Defendant Failing send him for medical treatment. Failing responded to Plaintiff's request by stating, "[y]ou write grievances against staff, and now you want me to do you a favor by letting you go to medical, I don't think so." These allegations clearly state a claim on which relief may be granted. With respect to Defendant Smith, the result is the same. Plaintiff alleges that he suffered a seizure on July 23, 2009. Plaintiff's bunk-mate informed Defendant Smith that Plaintiff was suffering a seizure. Smith observed Plaintiff "laying on the floor," but simply walked away and "never returned." The Court reaches a different conclusion, however, with respect to Defendant Gehoski.

Plaintiff alleges that Defendant Gehoski was on duty on July 23, 2009, and simply failed to make his rounds and check on Plaintiff. While Plaintiff's allegation that he suffered a seizure satisfies the first element of the analysis, Plaintiff has failed to allege any facts that Gehoski actually knew that

-7-

he had suffered a seizure or otherwise required medical attention. As noted above, Gehoski cannot be held liable for denying medical care to a prisoner unless he actually knows (or has reason to know) that the prisoner in question requires medical care. In this respect, Plaintiff's allegations are insufficient.

Accordingly, with respect to Count II of Plaintiff's Final Amended Complaint, Plaintiff's claims against Defendants Smith and Failing shall go forward. Plaintiff's claim against Defendant Gehoski, however, must be dismissed for failure to state a claim.

### III.    Count III

Plaintiff alleges that Defendants Smith, Failing, and Gehoski refused to provide him with necessary emergency medical treatment as retaliation for having "submitted grievances against DRF staff." The allegations in Plaintiff's Final Amended Complaint, however, are insufficient to state a claim on which relief may be granted.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Plaintiff alleges that he was retaliated against because he had filed grievances against staff members. Filing grievances can certainly constitute protected conduct. Likewise, a reasonable juror could conclude that denying an inmate emergency medical treatment is sufficient to deter a person

of ordinary firmness from submitting grievances. Plaintiff has failed, however, to alleges facts regarding the causation element sufficient to maintain this claim.

With respect to causation, courts recognize that retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004) ("conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Moreover, the mere existence of temporal proximity is insufficient by itself to establish the requisite causal connection. *See Reynolds-Bey v. Harris*, 428 Fed. Appx. 493, 504 (6th Cir., Apr. 13, 2011).

Plaintiff alleges that on June 12, 2009, and July 23, 2009, Defendants Failing, Smith, and Gehoski denied him medical treatment. Plaintiff alleges that Defendants' conduct was motivated by a desire to retaliate against him for having filed unspecified grievances against unspecified staff members. Plaintiff fails to allege (or even suggest) the dates on which the grievances in question were filed or against whom such were asserted. The only two grievances identified in Plaintiff's Final Amended Complaint were submitted *after* the incidents giving rise to these claims and, therefore, could not have motivated Defendants to undertake the conduct alleged. (Dkt. #26, Exhibits D-E; Dkt. #105 at ¶ 22).

In sum, Plaintiff has failed to allege any facts from which retaliation may plausibly be inferred. Instead, Plaintiff merely asserts a legal conclusion which is insufficient to maintain a retaliation claim. Accordingly, Count III of Plaintiff's Final Amended Complaint is dismissed.

**IV.        Count IV**

Plaintiff advances the legal conclusion that Defendant Nevins violated his rights by engaging in a "cover-up" of the illegal retaliatory actions of her subordinates, Defendants Smith, Failing, and Gehoski. However, the only factual allegations that Plaintiff asserts against Nevins are insufficient to state a claim.

Plaintiff alleges that on July 29, 2009, he "complained to" Nevins that Defendant Smith had recently conducted an "unlawful shakedown" of his cell during which his "legal, medical, and personal papers" were destroyed. Nevins allegedly responded by informing Plaintiff that he was being retaliated against by other staff members for his grievance writing activities.

As is well recognized, liability in a § 1983 action "must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act' or the 'mere right to control employees.'" *Rodriguez v. City of Cleveland*, 439 Fed. Appx. 433, 457-58 (6th Cir., Aug. 26, 2011) (citations omitted); *see also*, *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (liability cannot be based upon a theory of respondeat superior or vicarious liability); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998) (same). Plaintiff "must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Walters v. Stafford*, 317 Fed. Appx. 479, 486 (6th Cir., Mar. 18, 2009) (citing *Bass*, 167 F.3d at 1048). Instead, Plaintiff must demonstrate *personal involvement* by a particular defendant. *See Bass*, 167 F.3d at 1048 (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior").

Plaintiff has not alleged that Defendant Nevins actively engaged in any retaliatory conduct. Instead, Plaintiff, at most, merely alleges that Nevins was aware of and tacitly approved of the

-10-

actions allegedly undertaken by Defendants Smith, Failing, and Gehoski.  Count IV of Plaintiff's Final Amended Complaint is, therefore, dismissed.

**V.         Count V**

Plaintiff alleges that Defendants Smith, Failing, Gehoski, and Nevins "engaged in a retaliatory effort to silence Plaintiff after he wrote, and submitted grievances against them, by refusing to act in an emergency medical situation involving Plaintiff's health and safety."  As discussed above, with respect to Count III, Plaintiff has failed to allege (or even suggest) the dates on which the grievances in question were filed.  Thus, Plaintiff has failed to allege facts from which retaliation may plausibly be inferred.  Plaintiff instead merely asserts a legal conclusion which is insufficient to maintain a retaliation claim.  Accordingly, Count V of Plaintiff's Final Amended Complaint is dismissed.

**VI.        Count VI**

Plaintiff alleges that Defendants Smith, Failing, Gehoski, and Nevins "engaged in retaliatory conduct to silence [Plaintiff] for exercising his right [to submit grievances]" in violation of Plaintiff's constitutional rights.  Again, Plaintiff has failed to allege (or even suggest) the dates on which the grievances constituting the protected conduct in question were filed.  Thus, Plaintiff has failed to allege facts from which retaliation may plausibly be inferred.  Plaintiff instead merely asserts a legal conclusion which is insufficient to maintain a retaliation claim.  Accordingly, Count VI of Plaintiff's Final Amended Complaint is dismissed.

**VII.**         **Plaintiff's Request for Injunctive Relief**

In his Final Amended Complaint, Plaintiff is clearly suing Defendants in their individual capacity only, seeking declaratory, injunctive, and monetary relief. With respect to his request for injunctive relief, Plaintiff seeks several forms of relief. Specifically, Plaintiff requests that the Court order Defendants to provide him with certain specific medical treatment. Plaintiff further requests that the Court order Defendants to "refrain from any and all" future actions that constitute retaliation or which serve to deny him "needed medical treatment and attention."

With respect to this latter request, Plaintiff, rather than seeking an Order mandating that Defendants engage in, or refrain from, certain specific conduct, simply seeks an Order directing Defendants to comply with the law. To the extent that Plaintiff merely requests that Defendants be ordered to not violate his rights in the future, such seems inappropriate and of no consequence as it fails to impose on Defendants any obligations beyond those already provided for by law.

As for Plaintiff's request that Defendants, in their individual capacity, be ordered to provide him with certain specified medical treatment, the question arises whether such relief can be obtained against Defendants in their personal capacity. The generally accepted procedure by which such relief is obtained is through an action for injunctive against a public official in his official capacity, as such actions are considered to be asserted against the State itself. *See, e.g., Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Given that Plaintiff is incarcerated by the State of Michigan, which is responsible for his medical care, it seems that the injunctive relief Plaintiff seeks, specific medical treatment, can only be obtained from the State because Defendants in their individual capacities lack the authority to procure such. *See, e.g., Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs

may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief"). Accordingly, Plaintiff's requests for injunctive relief are dismissed.

**VIII.    Summary**

For the reasons articulated herein, the claims asserted in Plaintiff's Final Amended Complaint are hereby dismissed for failure to state a claim on which relief may be granted, save for the allegations articulated in Count II that Defendants Smith and Failing failed to obtain for Plaintiff medical treatment in violation of his Eighth Amendment rights. Plaintiff's claims for injunctive relief are also dismissed for the reasons articulated above.

## CONCLUSION

For the reasons articulated herein, the claims asserted in Plaintiff's Final Amended Complaint, are hereby dismissed, save Plaintiff's claims against Defendants Smith and Failing articulated in Count II thereof. An Order consistent with this Opinion will enter.

Date:  April 15, 2014                                              /s/ Ellen S. Carmody
                                                                                ELLEN S. CARMODY
                                                                                United States Magistrate Judge